## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, | : | |
| Plaintiff, | : : : | |
| v. | : | Case No. 5:24-cv-199-TES-AGH |
| DR. LEO, *et al.*, | : : : | |
| Defendants. | : : | |

## NOTIFICATION OF MOTION TO DISMISS

Defendant Collette Lewis Mitchell ("Defendant") filed a motion to dismiss (ECF No. 16) on March 25, 2025. The Court is required to adequately advise Plaintiff of the significance of Defendant's motion. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). In an effort to afford Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to Defendant's motion, the following notice is given.

When considering a motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

"[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable[.]'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

1. **AMENDING THE COMPLAINT**

Defendant's motion to dismiss alleges there are certain deficiencies in Plaintiff's complaint. In some situations, deficiencies in a complaint may be cured with a more carefully drafted complaint. Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff "may amend its pleadings once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)[.]" If Plaintiff thinks, based on Defendant's motion to dismiss, that a more carefully drafted complaint or more specific allegations would state a claim, he has twenty-one (21) days to amend his complaint. Plaintiff should be aware that a dismissal could prevent him from re-filing his claims if the running of the applicable statute of limitations would bar further litigation. *Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 946 n.4 (11th Cir. 2015). Plaintiff should, therefore, take the opportunity to amend his complaint to cure, if possible, the deficiencies addressed in Defendant's motion to dismiss.

## 2. BRIEFS

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendant's motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed twenty (20) pages. M.D. Ga. Civ. R. 7.4.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANT'S BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**

The Court could grant judgment to Defendant and there would be no trial or further proceedings for this Defendant. Accordingly, Plaintiff is **NOTIFIED** of his right to amend his complaint and submit a response brief. As explained above, if Plaintiff fails to amend his complaint and the applicable statute of limitations has expired since he filed the original complaint, Plaintiff will be barred from re-filing following dismissal. If Plaintiff fails to file a brief in opposition to the motion to dismiss, a final judgment may be rendered against him if otherwise appropriate under law. Any amendment, response brief, affidavits and/or other documents must be filed **WITHIN TWENTY-ONE (21) DAYS** of the date of this Order. Fed. R. Civ. P. 15(a)(1)(B): M.D. Ga. Civ. R. 7.2. Thereafter, the Court will consider Defendant's motion to dismiss and any opposition to the same filed by Plaintiff and issue its ruling.

**SO ORDERED**, this 31st day of March, 2025.

                                                            s/ *Amelia G. Helmick*
                                           UNITED STATES MAGISTRATE JUDGE